UNITED STATES DISTRICT COURT
                    CENTRAL DISTRICT OF CALIFORNIA

ALITHA McCLOUD,                   ) Case No. ED CV 16-2400-SP
                                  )
           Plaintiff,             )
                                  )
     v.                           ) MEMORANDUM OPINION AND
                                  ) ORDER
                                  )
NANCY A. BERRYHILL,               )
Acting Commissioner of Social Security )
Administration,                   )
                                  )
           Defendant.             )
                                  )
_____)

                                I.
                          **INTRODUCTION**

    On November 21, 2016, plaintiff Alitha McCloud filed a complaint against the Commissioner of the Social Security Administration ("Commissioner"), seeking a review of a denial of supplemental security income ("SSI"). Both plaintiff and defendant have consented to proceed for all purposes before the assigned Magistrate Judge pursuant to 28 U.S.C. § 636(c). The court deems the matter suitable for adjudication without oral argument.

    Plaintiff argues the Administrative Law Judge ("ALJ") erred at step five because he failed to resolve a conflict between the testimony of the vocational

expert and the Occupational Outlook Handbook, and the step five finding was not supported by substantial evidence. Memorandum in Support of Complaint ("P. Mem.") at 4; Memorandum in Support of Defendant's Answer ("D. Mem.") at 3-8.

Having carefully studied the parties' memoranda, the Administrative Record ("AR"), and the decision of the ALJ, the court concludes that, as detailed herein, plaintiff waived her challenge to the ALJ's step five finding, and even if not waived, substantial evidence supports the ALJ's finding at step five. Consequently, this court affirms the decision of the Commissioner denying benefits.

## II.

## **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff, who was forty years old on her alleged onset of disability date, has an eleventh grade education. AR at 39, 54, 185. Plaintiff has no past relevant work. *Id*. at 29, 38.

On May 8, 2013, plaintiff protectively filed an application for SSI due to high blood pressure, muscle spasms, and arthritis. *Id*. at 54; *see id*. at 134-39. The Commissioner denied plaintiff's application initially and upon reconsideration, after which she filed a request for a hearing. *Id.* at 80-93.

On May 1, 2015, plaintiff, represented by counsel, appeared and testified at a hearing before the ALJ. *Id*. at 34-53. A vocational expert, Gregory Jones, also testified. *Id*. at 48-52. On June 9, 2015, the ALJ denied plaintiff's claim for benefits. *Id*. at 23-30.

Applying the well-known five-step sequential evaluation process, the ALJ found, at step one, that plaintiff had not engaged in substantial gainful activity since May 8, 2013, the application date. *Id*. at 25.

At step two, the ALJ found plaintiff suffered from the severe impairments of degenerative disk disease of the lumbar spine and degenerative joint disease involving the knees. *Id*.

2

At step three, the ALJ found plaintiff's impairments did not meet or medically equal one of the listed impairments set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.*

The ALJ then assessed plaintiff's residual functional capacity ("RFC"),[1] and determined she had the RFC to perform light work with the limitations that plaintiff could: lift and carry twenty pounds occasionally and ten pounds frequently; stand and walk for four hours out of an eight-hour workday; occasionally push and pull with the right lower extremity; occasionally climb ladders, ropes, scaffolds, ramps, and stairs; and occasionally balance, kneel, crouch, crawl, walk on uneven terrain, and work at heights. *Id.* The ALJ also found that plaintiff should avoid loud noises and bright lights. *Id.*

The ALJ found, at step four, that plaintiff had no past relevant work. *Id.* at 29.

At step five, the ALJ found there were jobs that existed in significant numbers in the national economy that plaintiff could perform, including electronics worker, bench assembler, and plastic hospital products assembler. *Id.* at 29-30. Consequently, the ALJ concluded that, for the relevant period, plaintiff did not suffer from a disability as defined by the Social Security Act. *Id.* at 30.

Plaintiff filed a timely request for review of the decision, which the Appeals Council denied. *Id.* at 1-4. The ALJ's decision stands as the final decision of the Commissioner.

---

[1] Residual functional capacity is what a claimant can do despite existing exertional and nonexertional limitations. *Cooper v. Sullivan*, 880 F.2d 1152, 1155-56 n.5-7 (9th Cir. 1989). "Between steps three and four of the five-step evaluation, the ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's residual functional capacity." *Massachi v. Astrue*, 486 F.3d 1149, 1151 n.2 (9th Cir. 2007).

# III.
# STANDARD OF REVIEW

This court is empowered to review decisions by the Commissioner to deny benefits. 42 U.S.C. § 405(g). The findings and decision of the Social Security Administration must be upheld if they are free of legal error and supported by substantial evidence. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001) (as amended). But if the court determines that the ALJ's findings are based on legal error or are not supported by substantial evidence in the record, the court may reject the findings and set aside the decision to deny benefits. *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1147 (9th Cir. 2001).

"Substantial evidence is more than a mere scintilla, but less than a preponderance." *Aukland*, 257 F.3d at 1035. Substantial evidence is such "relevant evidence which a reasonable person might accept as adequate to support a conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Mayes*, 276 F.3d at 459. To determine whether substantial evidence supports the ALJ's finding, the reviewing court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion." *Mayes*, 276 F.3d at 459. The ALJ's decision "'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Aukland*, 257 F.3d at 1035 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). If the evidence can reasonably support either affirming or reversing the ALJ's decision, the reviewing court "'may not substitute its judgment for that of the ALJ.'" *Id.* (quoting *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)).

## IV.
## DISCUSSION

**A.     Judicial Notice**

Plaintiff requests the court take judicial notice of certain sections of the Dictionary of Occupational Titles ("DOT") published on O*Net, certain online sections of the Occupational Outlook Handbook ("OOH") published by the U.S. Bureau of Labor Statistics ("BLS"), certain OOH news releases, and certain BLS employment projections. Defendants opposes the request on the grounds that there is reasonable dispute over the applicability of the matters and plaintiff has not provided enough information concerning the methodology used to obtain the information to insure accuracy.

Although largely immaterial here for the reasons discussed below, the court takes judicial notice of the information provided in these online publications. *See Philbrook v. Berryhill*, 2017 WL 3671569, at 1 n.3 (C.D. Cal. Aug. 24, 2017); *Walker v. Berryhill*, 2017 WL 1097171, at *3 (C.D. Cal. Mar. 23, 2017). But the court does not take judicial notice of the reliability of the information, as that would be subject to reasonable dispute. *See Walker*, 2017 WL 1097171 at *3.

**B.     Plaintiff Waived Her Challenge to the Vocational Expert's Testimony**

Plaintiff argues that the ALJ erred at step five when he failed to ask the vocational expert ("VE") whether there was a conflict between his testimony and the OOH and other sources. P. Mem. at 4-17. Although not clearly identified, plaintiff indicates the conflict is with the VE's job numbers testimony.

At step five, the burden shifts to the Commissioner to show that the claimant retains the ability to perform other gainful activity. *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating other work exists in significant numbers in the national economy that the claimant can perform, given his or her age, education, work experience, and RFC. 20 C.F.R. §

416.912(f).[2]  The Commissioner may satisfy this burden through the testimony of a VE.  *Lounsburry*, 468 F.3d at 1114.

In response to a hypothetical that includes the limitations the ALJ found credible, a VE may testify as to "(1) what jobs the claimant, given his or her [RFC], would be able to do; and (2) the availability of such jobs in the national economy."  *Tackett v. Apfel*, 180 F.3d 1094, 1101 (9th Cir. 1999).  "A VE's recognized expertise provides the necessary foundation for his or her testimony."  *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005).  Accordingly, VE testimony is substantial evidence.  *See Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995) ("'[T]he ALJ was within his rights to rely solely on the vocational expert's testimony.'") (quoting *Conn v. Sec'y*, 51 F.3d 607, 610 (6th Cir. 1995)); *see also Bayliss*, 427 F.3d at 1218, n.4 (Federal Rules of Evidence do not apply in social security hearings).  But where the VE testimony is fundamentally flawed, remand is appropriate.  *See, e.g., Farias v. Colvin*, 519 Fed. Appx. 439, 440 (9th Cir. 2013) (remand required where VE provided employment data for a different occupation than the one he opined claimant could perform).

ALJs routinely rely on the Dictionary of Occupational Titles ("DOT") "in evaluating whether the claimant is able to perform other work in the national economy."  *Terry v. Sullivan*, 903 F.2d 1273, 1276 (9th Cir. 1990) (citations omitted); *see also* 20 C.F.R. § 416.966(d)(1) (DOT is a source of reliable job information).  The DOT is the rebuttable presumptive authority on job classifications.  *Johnson*, 60 F.3d at 1435.  An ALJ may not rely on a VE's testimony regarding the requirements of a particular job without first inquiring whether the testimony conflicts with the DOT, and if so, the reasons therefor.

---

[2]  All citations to the Code of Federal Regulations refer to regulations applicable to claims filed before March 27, 2017.

6

*Massachi*, 486 F.3d at 1152-53 (discussing Social Security Ruling ("SSR") 00-4p).[3]

At the May 1, 2015 hearing, in response to the ALJ's posing of a hypothetical person with the same RFC as plaintiff, the VE testified such person would be able to perform the jobs of electronics worker (DOT 726.687-010), bench assembler (DOT 706.684-022), and plastic hospital products assembler (DOT 712.687-010). AR at 50-51. The VE testified that there were approximately 20,000 electronics worker, 21,000 bench assembler, and 20,000 plastic hospital products assembler jobs nationally. *Id*. The VE further testified that his testimony was "for the most part" consistent with the DOT, and that he also relied on his knowledge and experience with regard to the pushing and pulling limitation. *Id*. at 52. Plaintiff's counsel had an opportunity to cross examine the VE but chose not to. *Id*.

After the ALJ denied plaintiff's claim for benefits, plaintiff filed a request for review to the Appeals Council and submitted an optional letter brief in support of the request. *Id*. at 224-27. In the letter brief, plaintiff's counsel argued: (1) the VE's testimony conflicted with the DOT's standing and walking limitations; (2) the ALJ erred by failing to rely on the Medical Vocational Guidelines found at 20 C.F.R. part 404, Subpart P, Appendix 2; and (3) the VE's job numbers were invalid and were not substantial evidence. *Id*. With regard to the job numbers, plaintiff's counsel specifically argued the job numbers exceeded the BLS employment projections and conflicted with the job numbers in Job Browser Pro. *Id*. at 225-26.

---

[3] "The Commissioner issues Social Security Rulings to clarify the Act's implementing regulations and the agency's policies. SSRs are binding on all components of the SSA. SSRs do not have the force of law. However, because they represent the Commissioner's interpretation of the agency's regulations, we give them some deference. We will not defer to SSRs if they are inconsistent with the statute or regulations." *Holohan v. Massanari*, 246 F.3d 1195, 1202 n.1 (9th Cir. 2001) (internal citations omitted).

7

Plaintiff does not here contest the ALJ's RFC determination or her ability to perform the identified jobs, but instead contends the VE's testimony conflicted with the OOH, including the BLS employment projections contained within the OOH, and the ALJ was obligated to inquire whether the VE's testimony conflicted with it. P. Mem. at 4-17. Plaintiff also argues that the VE's testimony did not constitute substantial evidence. *Id*. at 8-17.

The Ninth Circuit recently addressed this very issue in *Shaibi v. Berryhill*, 870 F.3d 874 (9th Cir. 2017), which was issued after both parties filed their memoranda in this case. In *Shaibi*, the claimant argued the ALJ erred in relying on the VE's job numbers because the numbers conflicted with, among other things, the OOH. *Id*. at 878. The claimant had not challenged the numbers at the hearing before the ALJ or to the Appeals Council. *Id*. at 881. The Ninth Circuit held that when a claimant who is represented by counsel "fails entirely to challenge a vocational expert's job numbers during administrative proceedings before the agency, the claimant waives such a challenge on appeal," and specifically stated that the holding "encompasses challenges based on an alleged conflict with alternative job numbers gleaned from the . . . OOH." *Id*. In reaching this holding, the Ninth Circuit relied on *Meanel v. Apfel*, 172 F.3d 1111 (9th Cir. 1999) (as amended), in which it held that claimants who are represented by counsel "'must raise all issues and evidence at their administrative hearings in order to preserve them on appeal.'"[4] *Shaibi*, 870 F.3d at 881 (quoting *Meanel*, 172 F3d at 1115). Here, all plaintiff's counsel had to do to preserve the issue was "raise the job-

---

[4] The Ninth Circuit noted that *Meanel* was not overruled by *Sims v. Apfel*, 530 U.S. 103, 120 S. Cit. 2080, 147 L. Ed. 2d 80 (2000). *Shaibi*, 870 F.3d at 882. *Sims* did not control because it "concerned only whether a claimant had to present all relevant issues *to the Appeals Council* to preserve them for judicial review" and left open the question of whether a claimant must exhaust issues before the ALJ. *Id*.

8

numbers issue in a general sense before the ALJ," such as by "inquiring as to the evidentiary basis for" the estimated job numbers or whether the numbers were consistent with the OOH. *Id*. at 882. Plaintiff's counsel at the hearing before the ALJ here did none of this.

Because plaintiff did not challenge the job numbers at the hearing, she waived the challenge on appeal.

C. **The ALJ Did Not Err at Step Five in Any Event**

Even assuming a request for review to the Appeals Council constitutes an "administrative proceeding," and that plaintiff's argument that the VE's job numbers did not constitute substantial evidence in her request for review was sufficient to preserve the issue here, the ALJ did not err.

Acknowledging that SSR 00-4p only requires an ALJ to inquire whether a VE's testimony conflicts with the DOT, plaintiff argues the ALJ nonetheless must also inquire whether the VE's testimony conflicts with the OOH, including the BLS employment projections, because the regulations specifically provide for the ALJ to take administrative notice of the OOH. P. Mem. at 4-8; *see* 20 C.F.R. § 416.966(d)(5). But in *Shaibi* the Ninth Circuit explicitly declined to afford the OOH the same treatment as the DOT. Although the regulations allow for the ALJ to take administrative notice of the OOH, no authority requires "that an ALJ must *sua sponte* take administrative notice of economic data in the . . . OOH" or other source. *Shaibi*, 870 F.3d at 882; *see Massachi*, 486 F.3d at 1152-53; *Walker*, 2017 WL 1097171 at *3-*4. The Ninth Circuit noted that while an ALJ must resolve apparent conflicts between the VE's testimony and the DOT regardless of whether the conflict is raised, the same is not true for the OOH. *Shaibi*, 870 F.3d at 882. Indeed, "an ALJ may rely on a vocational expert's testimony concerning the number of relevant jobs in the national economy, and need not inquire *sua sponte* into the foundation for the expert's opinion." *Id.* (citation omitted). VE testimony,

by itself, constitutes substantial evidence when in response to a complete hypothetical. *Bayliss*, 427 F.3d at 1218; *see, e.g.*, *Zalesny v. Comm'r*, 2014 WL 4418215, at *3 (E.D. Cal. Sept. 5, 2014) ("[T]he ALJ may rely on vocational expert testimony, which constitutes 'reliable job information.'"); *Kennedy v. Colvin*, 2014 WL 4264940, at *4 (C.D. Cal. Aug. 27, 2014) (finding that VE testimony about job numbers constituted substantial evidence). Therefore, the ALJ did not err when he did not ask the VE whether his testimony conflicted with the OOH or other source.

Putting aside that the ALJ did not have to inquire whether there was a conflict between the VE's job numbers and OOH and the BLS employment projections, plaintiff's argument that the VE's job numbers were unreliable because the DOT is outdated and did not match the BLS employment projections does not warrant remand in any event. *See* P. Mem. at 6-17. Plaintiff simply presents a lay interpretation of the OOH and BLS numbers, which by itself is insufficient to undermine a VE's analysis. Such lay analysis has been "uniformly rejected by numerous courts" in this district. *Merryflorian v. Astrue*, 2013 WL 4783069, at *5 (S.D. Cal. Sept. 6, 2013) (reviewing several holdings); *accord Cardone v. Colvin*, 2014 WL 1516537, at *5 (C.D. Cal. Apr. 18, 2014) ("[P]laintiff's lay assessment of the raw vocational data derived from Job Browser Pro does not undermine the reliability of the VE's opinion."); *Vera v. Colvin*, 2013 WL 6144771, at *22 (C.D. Cal. Nov. 21, 2013) ("[L]ay assessment of the data derived from the Specific Occupation Employment Unskilled Quarterly . . . does not undermine the reliability of the VE's testimony" where the plaintiff "failed to introduced any VE opinion interpreting the data from those sources and the significance of the information reflected on the various reports is not entirely clear."), *remanded on other grounds*, 637 Fed. Appx. 385 (9th Cir. 2016); *Valenzuela v. Colvin*, 2013 WL 2285232, at *4 (C.D. Cal. May 23, 2013) (rejecting

plaintiff's assessment, in part, because it "was unaccompanied by any analysis or explanation from a vocational expert or other expert source to put the raw data into context"). Plaintiff could have retained an expert to interpret the data but did not. "At best, Plaintiff has presented evidence sufficient to support an alternative finding regarding the number of relevant jobs available in the economy. That is not enough to warrant remand." *Gardner v. Colvin*, 2013 WL 781984, at *3 (C.D. Cal. Mar. 1, 2013) (footnote omitted); *see Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) ("Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld.")

In short, plaintiff waived her challenge to the VE's job numbers by failing to raise it at the hearing. Even assuming plaintiff did not waive the disputed issues, remand is not warranted because the ALJ was not required to inquire sua sponte whether the VE's testimony conflicted with sources other than the DOT and the ALJ's step five determination was supported by substantial evidence, namely, the VE's testimony.

V.

**CONCLUSION**

IT IS THEREFORE ORDERED: (1) plaintiff's Request for Judicial Notice (docket no. 18) is granted to the extent stated above; and (2) Judgment shall be entered AFFIRMING the decision of the Commissioner denying benefits, and dismissing the complaint with prejudice.

DATED: February 20, 2018

SHERI PYM
United States Magistrate Judge

11